

**McCain Law, P.C.**
J. Edward McCain III, Esquire/ PA Bar #85419
Zakia E. Moore, Esquire/ PA Bar #86424
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 236-1086
(215) 543-3343 (fax)
jmccain@mccain-law.com
zmoore@mccain-law.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **C. NICOLE HENDERSON**<br>512 Championship Drive<br>Harleysville, PA 19438 **and**<br><br>**NATASHA PATTERSON**<br>1522 Birchwood Avenue<br>Abington, PA 19001 **and**<br><br>**MYCHELLE SNEED-JACOBS**<br>2123 Audobon Trail<br>Middletown, DE 19709<br><br>Plaintiffs<br>v.<br><br>**MONTGOMERY COUNTY**<br>**COMMUNITY COLLEGE**<br>340 Dekalb Pike<br>Blue Bell, PA 19438<br><br>Defendant. | **FILED**<br>MAR 14 2019<br>KATE BARKMAN, Clerk<br>By _____ Dep. Clerk<br><br>19-1064<br><br>CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' COMPLAINT

Plaintiff C. Nicole Henderson, Natasha Patterson and Mychelle Sneed-Jacobs, by and through their attorneys, McCain Law, P.C., file this Complaint on behalf of themselves and others similarly-situated and hereby aver as follows:

MAR 14 2019

1

1. This is a civil action seeking compensatory, punitive and non-pecuniary damages based on pattern and practice race discrimination and retaliation in violation of 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 (Section 1981); Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e, et seq. (Title VII) and; the Pennsylvania Human Relations Act (PHRA);

## PARTIES

1. Plaintiff, C. Nicole Henderson, (hereinafter referred to as "Plaintiff"), a Pennsylvania resident, is an African-American adult female who resides at 512 Championship Drive, Harleysville, PA 19438.

2. Plaintiff, Natasha Patterson, (hereinafter referred to as "Plaintiff"), a Pennsylvania resident, is an African-American adult female who resides at 1522 Birchwood Avenue Abington, PA 19001

3. Plaintiff, Mychelle Sneed-Jacobs, (hereinafter referred to as "Plaintiff"), a Delaware resident, is an African-American adult female who resides at 2123 Audubon Trail, Middletown, DE 19709.

4. Montgomery County Community College (hereinafter referred to as "Defendant" or MCCC), is a college of higher education located at 340 Dekalb Pike, Blue Bell, PA 19438.

## JURISDICTION AND VENUE

5. This court has original jurisdiction of all civil actions arising under the Constitution, law or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391. This court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C §1367.

6. The relevant portions of this action have been administratively processed with the Equal Employment Opportunity Commission (EEOC).

7. This action has been timely filed and has met all conditions precedent.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in the Eastern District of Pennsylvania and the incidents comprising this Complaint occurred in this District.

## STATEMENT OF FACTS

9. Plaintiff Henderson began working for Defendant in March 2008 at the Director of Upward Bound Partnership for Student Success. Over time she was promoted to Dean of Academic Affairs.

10. As a Dean she faced constant oversight, harassment and scrutiny by the administration and the faculty union, none of which was experienced by her Caucasian counterparts.

11. Plaintiff Natasha Patterson was initially hired by Defendant in 2014 as a Diversity Fellow.

12. Throughout her tenure she was denied promotion after promotion despite being more qualified than other non-African American candidates.

13. Plaintiff Mychelle Sneed-Jacobs began working for Defendant in October 2017 as the Assistant Vice President of Academic Affairs.

14. She was summarily terminated less than four months later for no apparently justifiable reason.

15. Her termination was predicated mainly on the basis that Defendant did not desire to hire her for the position in the first place, despite her being the most qualified by a large margin. At the time, Defendant gave in to the pressure of the diversity board.

3

16. Once she was terminated, Defendant could not wait to replace her with the under-qualified Caucasian female they sought to hire in the first place.

17. Defendant's actions towards Plaintiffs demonstrate a systemic pattern and practice of racial discrimination in hiring, promotions and retention.

18. For example, the hiring committees for administrative positions manipulate the candidate pools to favor White candidates over more qualified African American/Black candidates.

19. Ms. Patterson was a victim of these practices when a non African American candidate was selected over her for the Dean of Health Sciences position in July 2016. That non African American candidate was later terminated. Ms. Patterson was then appointed as Interim Dean. When pursuing the permanent position, Ms. Patterson was again not selected in April 2018 as Dean after successfully serving as Interim Dean from June 2017-June 2018.

20. In fact, she was not even advanced into the second round of hiring despite being infinitely more qualified than the white candidates who were.

21. Ms. Patterson can also personally attest to race discrimination against African-American/Black candidates during the hiring process for the Assistant Vice-President of Academic Affairs in February 2018 and in relation to Dr. James Bretz's promotion to Dean of Science, Technology, Engineering and Mathematics in June 2018.

22. In both instances, Ms. Patterson sat on the search committees for those positions and can attest to the fact that, Dr. Jenna Klaus and Dr. Bretz were less qualified than the other diverse/minority candidates.

23. Ms. Patterson can also personally attest to the methods in which the hiring committee manipulated the candidate pools to favor Ms. Klaus and Dr. Bretz, both White, over more qualified African-American/Black candidates.

24. In regards to the College's retention practices, Ms. Sneed-Jacobs was terminated in February 2018 after serving four (4) months as Assistant Vice-President of Academic Affairs.

25. She was initially hired in October 2017 after the College's Middle States Accreditation evaluation showed a severe lack of diversity in its administrative staff.

26. Once she was removed from office, she was replaced by Jenna Klaus who did not even meet the minimum qualifications for the position other than white-female.

27. In February 2018 Plaintiff Henderson went out on paid disability leave.

28. However, she was only given 60 calendar days leave; despite the fact that MCCC policy provides for "unlimited" medical leave for administrators.

29. Apparently for Defendant this rule only applies to non-African American administrators as they are consistently granted unlimited leave.

30. Henderson was also forced to use vacation time instead of accrued sick leave in violation of company policy.

31. And to add insult to injury, Henderson's pay was also docked upon her return and she was denied overtime pay in direct violation of federal and state fair labor standard laws. (In fact her pay was restored several months later after she complained to payroll)

32. It goes without saying that non-African Americans are not subject to such deliberate violations.

33. As a way to ensure she knew her place, Faculty Union President Hal Halbert told Plaintiff Henderson that she was a "quota hire" in September 2018.

34. This declaration was made in the presence of other College administrators Phil Needles (VP), Vicki Bastecki-Perez (VP), Rose Makosfe (Director of Diversity & Equity) and Tim Connelly (Union representative for Mr. Halbert).

35. Unsurprisingly, no disciplinary action was taken by Defendant against Mr. Halbert for these racially inflammatory remarks.

36. Mr. Halbert also admitted to directing Henderson's subordinates not to engage with her directly and instead go directly to her superiors without respecting for the chain of command.

37. These malicious and deliberate actions towards African Americans such as Mrs. Henderson, Mrs. Patterson, Mrs. Sneed-Jacobs and others create a hostile work environment.

38. Such actions are consciously condoned by Defendants to limit the accessibility of employment opportunities to African Americans.

39. In sum, Defendant has and is engaged in an ongoing pattern and practice of race discrimination and knowingly employs company-wide policies and practices that have a disparate impact on African-Americans. Defendant's systemic discrimination against African-Americans include, but is not limited to, the practices described above.

40. Fortunately for Plaintiffs, they live in a country and state where these patterns and practices of deliberate discrimination by employers such as Montgomery County Community College against African Americans are unlawful and can be addressed and ultimately eradicated by the Courts and Defendants made to pay.

## COUNT I
## SECTION 1981

41. Plaintiff incorporates paragraphs 1-40 as if fully set forth herein.

42. Montgomery County Community College employs racially discriminatory hiring, promotion and retention practices.

43. Defendant's discrimination against Plaintiffs and others similarly situated is in violation of their rights afforded by 42 U.S.C. §1981.

44. By the conduct described above, Defendant intentionally deprives Black/African American citizens, of the same rights as are enjoyed by White citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with defendant in violation of 42 U.S.C. §1981.

45. As a result of Defendant's discrimination in violation of Section 1981, Plaintiffs and other African Americans have been denied employment opportunities providing substantial compensation and benefits, promotions and retention, thereby entitling Plaintiffs to injunctive and equitable monetary relief; and they have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling them to compensatory damages.

**WHEREFORE,** Plaintiffs demand judgment in their favor and on behalf of all other similarly situated potential plaintiffs, against Defendant and an award of the following:

   a. A Decree Ordering Defendant to cease and desist with its discriminatory hiring, promotion and retention practices;

    b. Retention of jurisdiction or appointment of a Magistrate to oversee the orderly dismantling of such policies patterns and practices of Defendant with all accelerated speed.

    c. Back pay and front pay, including benefits with pre-judgment interest;

    d. Compensatory damages, consequential damages and punitive damages;

    e. Non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

    f. Attorney's fees and costs; and

    g. Any other relief this Honorable Court deems appropriate under the circumstances.

## COUNT II
## TITLE VII and PENNSYLVANIA HUMAN RELATIONS ACT

46. Plaintiff incorporates paragraphs 1-45 as if fully set forth herein.

47. Title VII of the Civil Rights Act of 1964 and 1991 and the PHRA and the regulations promulgated thereafter make it an unlawful employment practice for an employer to discriminate in hiring, promotion or retention and/or retaliate against an individual with respect to the terms and conditions or privileges of employment on the basis of race.

48. Defendant was an employer within the meaning of the above-referenced statutes.

49. Plaintiffs were employees within the meaning of the above-referenced statutes.

50. Plaintiffs are a member of a protected class i.e. African-American.

51. Plaintiffs were all qualified for their respective positions.

52. Plaintiffs suffered adverse employment actions such as failure to hire, failure to promote and unlawful termination on account of race.

53. Defendants' actions created a hostile work environment.

54. Other similarly situated African Americans were subjected to the same heinous discriminatory pattern and practices by Defendant.

55. As a result of the foregoing, Plaintiffs and others suffered damages including emotional distress; as well as loss of income, benefits and professional reputation.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant and an award of the following:

a. A Decree Ordering Defendant to cease and desist with its discriminatory hiring, promotion and retention practices;

b. Retention of jurisdiction or appointment of a Magistrate to oversee the orderly dismantling of such policies patterns and practices of Defendant with all accelerated speed.

c. Back pay and front pay, including benefits with pre-judgment interest;

d. Compensatory damages, consequential damages and punitive damages;

e. Non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

f. Attorney's fees and costs; and

g. Any other relief this Honorable Court deems appropriate under the circumstances.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                Respectfully submitted,

                **McCain Law, PC**

                By: _____
                J. Edward McCain III, Esquire

                _____
                Zakia E. Moore, Esquire
                1515 Market Street, Suite 1200
                Philadelphia, PA 19102
                215-236-1086

Date: March 14, 2019

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of U.S.C. §1746, relating to unsworn falsification to authorities.

Date: 3/14/19

C. Nicole Henderson

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of U.S.C. §1746, relating to unsworn falsification to authorities.

Date: _____

_____
Natasha Patterson

VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of U.S.C. §1746, relating to unsworn falsification to authorities.

Date: March 8, 2019

Mychelle Sneed-Jacobs